# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARAY JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 17-6805 SS<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.
## INTRODUCTION

Plaintiff Laray Johnson ("Plaintiff") brings this action seeking to reverse or, in the alternative, to remand the decision of the Commissioner of the Social Security Administration (the "Commissioner" or the "Agency") denying his application for social security benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. Nos. 11-13). For the reasons stated

below, the decision of the Agency is REVERSED and REMANDED for further administrative proceedings.

## II.
## PROCEDURAL HISTORY

On November 27, 2013, Plaintiff filed an application for disability benefits claiming that he became disabled on July 2, 2012. ("Certified Administrative Record ('AR')," Dkt. No. 16 at 175-83). The Agency denied his application on March 7, 2014. (AR 95-6). Plaintiff then requested a hearing, which was held before Administrative Law Judge ("ALJ") Joel B. Martinez on February 1, 2016. (AR 40-74). Plaintiff appeared with counsel and testified. (AR 42-69). Alan E. Cummings, a vocational expert, also testified at the hearing. (AR 69-72).

On March 21, 2016, the ALJ issued a decision denying benefits. (AR 19-36). Plaintiff sought review before the Appeals Council, which denied his request on July 25, 2017. (AR 1-6). Plaintiff filed the instant action on September 15, 2017. ("Complaint," Dkt. No. 1).

## III.
## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment

that prevents her from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step-two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step-three.

(3) Does the claimant's impairment meet or equal the requirements of any impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step-four.

\\

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. § 416.910.

(4)  Is the claimant capable of performing his past
             work? If so, the claimant is found not disabled.
             If not, proceed to step-five.
        (5)  Is the claimant able to do any other work? If not,
             the claimant is found disabled. If so, the claimant
             is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citation omitted); 20 C.F.R. § 416.920(b)-(g)(1).

The claimant has the burden of proof at steps-one through - four and the Commissioner has the burden of proof at step-five. Bustamante, 262 F.3d at 953-54. If, at step-four, the claimant meets her burden of establishing an inability to perform the past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"),[2] age, education, and work experience. Tackett, 180 F.3d at 1100; 20 C.F.R. § 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and nonexertional

---

[2] Residual functional capacity is "the most [one] can still do despite [his] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 416.945(a).

4

limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

**IV.**

**THE ALJ'S DECISION**

The ALJ employed the five-step sequential evaluation process. At step-one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. (AR 24). At step-two, the ALJ found that Plaintiff's bilateral shoulder sprain/strain with ultrasound findings, degenerative disc disease of the cervical spine, kidney disease, and obesity are severe impairments. (AR 24-27). At step-three, the ALJ found that does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 27). At step-four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 30). However, the ALJ determined that despite Plaintiff's severe impairments, he retains the RFC to perform light work, which is defined in 20 C.F.R. § 404.1567(b) and § 416.967(b) as:

> [L]ifting and/or carrying up to 20 pounds occasionally and 10 pounds frequently, standing and/or walking up to six hours in an eight-hour workday, and sitting up to six hours in an eight-hour workday. The claimant can occasionally perform postural activities, with no

5

overhead work. The claimant requires a cane for prolonged ambulation, and he can occasionally perform forceful pushing and pulling with the upper extremities. The claimant can perform simple to moderately complex work.

(AR 27-28). At step-five, the ALJ found that Plaintiff can perform jobs that exist in significant numbers in the national economy, such as a bench inspector. (AR 30-31). Accordingly, the ALJ found that Plaintiff was not disabled. (AR 31).

## V.

### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. "[The] court may set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." (Id.). To determine whether substantial

evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

## VI.
## DISCUSSION

**A. Plaintiff's Claims**

Plaintiff asserts two claims. First, Plaintiff disputes the ALJ's evaluation of Daniel J. Paveloff's, M.D., opinion. ("Plaintiff's Memo," Dkt. No. 17 at 3-6). Plaintiff specifically argues that despite stating that he gave great weight to Dr. Paveloff's opinion, the ALJ failed to include in the RFC the lifting limitation and the likely absenteeism found by Dr. Paveloff. (Id., AR 29, 930-32).

Second, Plaintiff contends the ALJ failed to articulate clear and convincing reasons for rejecting Plaintiff's testimony. (Plaintiff's Memo at 6-8). However, because the Court finds the ALJ committed reversible error in evaluating Dr. Paveloff's

opinion, it is unnecessary for the Court to address Plaintiff's second claim.

**B.    The Medical Opinion Evaluation**

"'In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability – the [plaintiff's] ability to work.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick, 157 F.3d at 725). "Specifically, we "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." Id. (quoting Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

Generally, the treating physician's medical opinion is given "'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)). Regardless as to whether a treating physician's opinion is contradicted by another's opinion or not, "'an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.'" Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (quoting Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005)).

8

During the evaluation, the ALJ is not required to comment on every piece of medical evidence. Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003). However, if the ALJ rejects signficant and probative evidence, contained in the treating physician's opinion, the ALJ must provide specific and legitimate reasons for doing so. Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) ("The Secretary, however, need not discuss all evidence presented to her. Rather, she must explain why 'significant probative evidence has been rejected.'") (quoting Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981)).

**C.  The ALJ Failed To Properly Evaluate Dr. Paveloff's Medical Opinion**

Despite stating he gave great weight to Dr. Paveloff's medical opinion, the ALJ failed to include or address two of Dr. Paveloff's limitations within the ALJ's RFC assessment.

   **1. The ALJ Failed To Include Dr. Paveloff's Lifting Limitation In The RFC**

After evaluating the medical opinions of Plaintiff's treating physicians, the ALJ determined in his RFC assessment that Plaintiff has the "capacity to perform light work, which is defined . . . as lifting and/or carrying up to 20 pounds occasionally and 10 pounds frequently . . . ." (AR 27). Dr. Paveloff's opinion, however, stated that Plaintiff could lift and/or carry up to 20 pounds occasionally and <u>less than</u> 10 pounds frequently. (AR 930)(emphasis

9

added).


The ALJ failed to provide a specific and legitimate reason for rejecting Dr. Paveloff's opinion regarding a lifting limitation. While the ALJ included a different lifting restriction in his decision, he failed to provide any reason for rejecting the treating physician's limitation on lifting, a more restrictive limitation. This failure requires remand.

**2. The ALJ Failed To Address Plaintiff's Absenteeism**

After assessing Dr. Paveloff's medical opinion and giving it great weight, the ALJ failed to address Plaintiff's potential to miss work more than three days a month. (AR 932). As discussed previously, an ALJ need not discuss every piece of medical evidence, but he must explain his actions if he rejects significant probative evidence. Howard, 341 F.3d at 1012, Vincent, 739 F.2d at 1395.

If an individual will experience multiple absences during a single month, that individual may be found disabled. Decker v. Berryhill, 856 F.3d 659, 644-65 (9th Cir. 2017) ("if a person . . . were to miss two or more days of work per month, . . . [he] would be unemployable."); see also Brews v. Astrue, 682 F.3d 1157, 1164 (9th Cir. 2012) (absenteeism of 2 days per month precludes employment); Lusardi v. Astrue, 350 Fed. App'x 169, 171 (9th Cir. 2009) (VE testified that absenteeism at rate of 3 times per month is critical to determination of job availability). However, the

ALJ never addressed the treating doctor's opinion that Plaintiff would miss three days of work per month.

With no explanation or acknowledgment as to why the ALJ did not take into account Plaintiff's lifting limitation and absenteeism as identified in Dr. Paveloff's medical opinion, remand is required.

## VII.

## CONCLUSION

Accordingly, IT IS ORDERED that Judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 25, 2018

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS OPINION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS OR ANY OTHER LEGAL DATABASE.**